IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMIE EARL JONES, III,

Plaintiff,

v.

D. MALONEY, et al.,

Defendants.

No.  2:25-cv-3014-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names "Azpera, G. CDCH # BS6772," his cellmate at Mule Creek State Prison ("MCSP"), as Co-Plaintiff. See ECF No. 1, pg. 2. Plaintiff names "D. Maloney; MCSP Correctional Officer//MCSP Medical" and "F. Perez S.N.E. Officer" as Defendants.[1] See id. at 1-2. Plaintiff brings claims of misconduct, negligence, violations of personal safety, and "deliberate deprivation of much needed Medical Emergency Attention" against Defendants. Id. at 9.

According to Plaintiff, on March 5, 2025, at approximately 5:00 p.m., Plaintiff found Co-Plaintiff Azpera "unresponsive and Covered in Blood in the back of the cell." Id. at 3. Plaintiff surmises that Azpera fell from the top bunk bed where he was laying prior to the incident. Id. Plaintiff states that after shaking Azpera in an attempt to awaken him, Plaintiff performed CPR while "going back and Fourth [sic] yelling out Medical Emergency." Id. Plaintiff states that the CPR procedure was successful, but Azpera nonetheless suffered a seizure shortly after regaining consciousness. See id. Plaintiff alleges that, despite himself and other prisoners

---

[1] While the Court's docket also lists "Department of Corrections and Rehabilitation," "Mule Creek State Prison," "State of California," and "Ione" as defendants, these entities are not listed in the complaint. Rather, Plaintiff states that the two named defendants – Maloney and Perez – are correctional officers with the California Department of Corrections and Rehabilitation at Mule Creek State Prison located in Ione, California. See ECF No. 1, pg. 2.

2

calling out for help multiple times over the span of several minutes, MCSP personnel did not respond. See id. at 5. Plaintiff claims to have suffered an asthma attack and panic attack while tending to Azpera. See id. Plaintiff states that the attacks "die[d] down" after Plaintiff ingested his "Asthma Rescue Inhaler." Id. Plaintiff claims to have held on to Azpera until the seizure had passed. See id. at pgs. 5-6.

Some unspecified time after Azpera's seizure had passed, Defendant Maloney arrived outside Plaintiffs' cell. See id. at 6. Plaintiff claims to have met Defendant Maloney at the edge of the cell and pled with Defendant Maloney to give Azpera immediate medical attention. See id. Defendant Maloney allegedly replied, "you [sic] medical emergency is fake so im [sic] not going to call it in," and slammed a food tray on Plaintiff's fingers. Id. at 3. According to Plaintiff, Defendant Perez "was on duty and also did nothing to help the situation." Id. at 6. Plaintiff claims to have suffered nerve damage to his right arm, hand, and elbow as a result of the incident. See id. at pgs. 5-6.

## II. DISCUSSION

The Court finds that Plaintiff has asserted a cognizable Eighth Amendment excessive force claim against Defendant Maloney arising from Plaintiff's allegation that Maloney slammed a food tray on Plaintiff's finger. The Court, however, finds that the action cannot proceed with Azpera as Co-Plaintiff because he has not signed the complaint. Finally, as to Plaintiff's claims relating to the treatment of Azpera, the Court finds that Plaintiff has failed to allege facts to show a causal link between a violation of Plaintiff's rights and the conduct of a named defendant.

### A. Co-Plaintiff Azpera

Although the court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012). Complaints must be signed by each of the plaintiffs' attorneys, or by each plaintiff if the plaintiff proceeds pro se. See Fed. R. Civ. P. 11. Each pro se plaintiff must type or print their

3

name underneath their signature. See Local Rule 131.

Plaintiff names his cellmate Azpera as a co-plaintiff in this action. However, Azpera is not a proper co-plaintiff because Azpera did not sign the complaint in accordance with the Federal Rules of Civil Procedure and Local Rules. See Local Rule 131; see also Fed. R. Civ. P. 11. Plaintiff will be granted leave to amend the complaint to include putative Co-Plaintiff Azpera's signature. Alternatively, Azpera may file his own action if he is unable or unwilling to join Plaintiff in the current action. Absent Azpera properly joining this action as a co-plaintiff, Plaintiff Jones, who is proceeding pro se, may not represent another party. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-attorney party may not represent other plaintiffs).

### B.    Causal Link

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations suffered by the plaintiff. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). The plaintiff must set forth specific facts as to each individual defendant's causal role in the plaintiff's alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Plaintiff alleges Eighth Amendment violations relating to denial of health care to non-party Azpera. The Court finds that the allegations do not establish a causal link between a violation of *Plaintiff's* rights and a named defendant. Plaintiff will be granted leave to amend the complaint to allege facts, if any, showing how the named defendants violated *his* constitutional or statutory rights.

///

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's original complaint is dismissed with leave to amend; and

2.    Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

**Dated:  February 5, 2026**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6